CLD-039                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3786
_____

IN RE: ERIC CRAFT,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to D.C. Criminal No. 02-cr-00011-1)
_____

Submitted Under Rule 21, Fed R. App. P.
November 10, 2011

Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Opinion filed : December 22, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Eric Craft, proceeding pro se, seeks a writ of mandamus compelling the United

States District Court for the Middle District of Pennsylvania to rule on several motions.

We will deny the petition.

        In September 2002, Craft pleaded guilty in the District Court to a superseding

information charging him with causing the death of a person through the use of a firearm

during a crime of violence or drug trafficking offense.  See 18 U.S.C. § 924(j).  Craft was

sentenced to a term of imprisonment of 480 months, to be followed by five years of supervised release. We affirmed the judgment on direct appeal. See United States v. Craft, 139 F. App'x 372 (3d Cir. 2005). The United States Supreme Court denied Craft's petition for writ of certiorari and, in December 2006, the District Court denied Craft's timely motion to vacate his sentence under 28 U.S.C. § 2255. We subsequently denied Craft's request for a certificate of appealability.

Since then, Craft has filed several more motions, largely challenging the District Court's jurisdiction over his criminal case. He has won no relief in the District Court or on appeal. On September 14, 2011, Craft filed in the District Court a motion to dismiss the 2002 superseding information, again arguing that the District Court lacked jurisdiction to adjudicate his criminal case. On September 28, 2011, Craft filed in the District Court another motion to dismiss the information, arguing that the document "failed to allege the federal jurisdictional element." On October 27, 2011, Craft filed the instant petition for writ of mandamus seeking an order compelling the District Court to rule on those motions.

Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she

2

has a "clear and indisputable" right to issuance of the writ. <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, "matters of docket control" are within the sound discretion of the District Court. <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction." <u>Madden</u>, 102 F.3d at 79. This case, however, does not present such a situation. A delay of approximately two months in the disposition of Craft's pending motions "does not yet rise to the level of a denial of due process." <u>See</u> <u>id.</u> (stating that eight months of inaction is insufficient to compel mandamus). We are confident that the District Court will rule on Craft's motions due course. Accordingly, Craft's petition for a writ of mandamus is denied.